# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20377

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2019

Lyle W. Cayce
Clerk

In re:  CITY OF HOUSTON,

Petitioner

Appeal from the United States District Court
for the Southern District of Texas
No. 4:16-CV-3577

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Before the court is a petition for writ of mandamus filed by the City of Houston, Texas ("the City") following the district court's denial of the City's claim of privilege in a lawsuit pending against the City in the United States District Court for the Southern District of Texas with respect to certain documents in the City's possession.   The City has also submitted a corresponding unopposed motion to seal the documents at issue and attached such documents to its motion as "Exhibit A."

Preliminarily, we address the City's motion to seal documents.  IT IS ORDERED that such motion is GRANTED and that the documents submitted

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by the City as Exhibit A to its motion shall be filed under seal and viewable only by this court.

Having ruled on the City's motion, we proceed to its petition. A response in opposition to the petition was submitted by Respondents Eric Aguirre, Juan Hernandez, Dequan Kirkwood, Manuel Trevino, and Kent Wheatfall, on behalf of themselves and all others similarly situated (collectively, "Respondents"). For the reasons set forth below, the petition is granted in part and denied in part.

The lawsuit that forms the basis of this dispute is a purported class action[1] that was filed in December 2016 against the City by individuals alleging that the City had violated their Fourth Amendment rights and Texas law by holding them in custody for longer than 48 hours after their warrantless arrests without conducting a probable cause hearing. In the course of litigation, a discovery dispute arose as to the production of certain documents containing electronic communications that the City designated as protected by the attorney-client privilege and/or attorney work product doctrine.

At Respondents' request, the district court reviewed the documents at issue *in camera.* On April 24, 2019, after its review, the district court issued an order noting its finding "that the documents are not privileged because there is no showing that the documents are privileged either as confidential communication or under the doctrine of attorney work product" and overruling the City's claim of privilege. On May 24, 2019, the court denied the City's motion for reconsideration of its April 24 order and ordered the City to produce all of the documents that it "deemed are not subject to a claim of privilege" by

---

[1] Though the original complaint and amended complaints filed in the district court are styled as "class action" complaints, a class of plaintiffs has not yet been certified by the district court.

No. 19-20377

the following day.  The court subsequently granted the City's request to stay its May 24 order pending this court's resolution of the instant petition.

In its petition, the City asks us to vacate the district court's April 24 and May 24 orders as to certain specified electronic communications and to remand this matter to the district court for further proceedings.  Having reviewed the submissions of the parties, the documents in dispute, which are contained in Exhibit A to the City's motion to seal documents, and pertinent jurisprudence, we conclude that the electronic communications identified by the City in Tabs 3, 4, 5, 8 and 9 of Exhibit A fall within the attorney-client privilege and that mandamus relief is warranted with respect to such items.  *See In re: Itron, Inc.*, 883 F.3d 553, 567–69 (5th Cir. 2018); *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695-97 (5th Cir. 2017); *Exxon Mobil Corp. v. Hill*, 751 F.3d 379, 382–83 (5th Cir. 2014); *In Re: Avantel, S.A.*, 343 F.3d 311, 316–17 (5th Cir. 2003).  The communications identified by the City in Tabs 6 and 7 of Exhibit A, on the other hand, do not fall within the attorney-client privilege and are not documents prepared in anticipation of litigation.  *See id; see also* FED. R. CIV. P. 26(b)(3).  Thus, the City is not entitled to mandamus relief with respect to such items.

Accordingly, we GRANT the City's petition and VACATE the district court's April 24, 2019 and May 24, 2019 orders as they pertain to the documents contained in Tab 3 of Exhibit A (Bates labeled COH0002145 and COH0002148); Tab 4 of Exhibit A (Bates labeled COH0002151–53, COH0002155–57, and COH0002159–62); Tab 5 of Exhibit A (Bates labeled COH0002164–65, COH0002168–69, COH0002171–72, COH0002174–75, COH0002177–78, COH0002180–82, COH0002184–86, COH0002188–91, COH0002193–96, and COH0002198–COH0002292); Tab 8 of Exhibit A (Bates labeled COH0002217–20); and Tab 9 of Exhibit A (Bates labeled COH0002384–92).  The City's Petition is DENIED in all other respects.  We

## No. 19-20377

further REMAND this matter to the district court for further proceedings consistent with this opinion.